## In Re Tally

*Alexander J. Jaffurs, County Solicitor, and James Essler, Asst. County Solicitor* for county administrator.

*Lester G. Nauhaus, Erika Kreisman & Bruce Ledewitz Public Defender,* for respondent.

WATSON, *J.*, April 30, 1980—This case comes before the court on exceptions filed by respondent, Robert Tally, objecting that the February 19, 1980 hearing for extended involuntary treatment pursuant to section 305 of the Mental Health Procedures Act of July 9, 1976, P.L. 817, 50 P.S. §7305, was held during a period beyond the period authorized by section 304 of the act and by order of court entered November 13, 1979.

A scenario of the facts is as follows:

1. On November 8, 1979 respondent was committed to Farview State Hospital for 90 days pursuant to section 304(b) of the act.

2. The order of court was entered on November 13, 1979.

3. On February 11, 1980 respondent's 90 day involuntary commitment was completed.

4. On February 12, 1980 a petition for extended involuntary treatment of respondent was filed pursuant to section 305 of the act and after appearance of the treating physician, respondent was ordered to remain in Farview State Hospital until this matter was determined by the court.

5. On February 19, 1980 a hearing was held upon the petition for extended involuntary treatment.

6. At the hearing before the Mental Health Review Officer, Warren Schloesser, counsel for respondent moved to dismiss on the grounds that respondent was confined at Farview beyond the period authorized by section 304 of the act and by order of court entered November 13, 1979.

7. Respondent's motion was denied and the mental health review officer certified commitment for respondent to Farview State Hospital for a period not to exceed 90 days under section 305 of the act.

8. On February 22, 1980 counsel for respondent filed a motion to reject recommendation of the mental health review officer and requested the court to enter an order releasing respondent from further confinement at Farview State Hospital.

9. On February 26, 1980 an order of court was entered committing respondent to Farview State Hospital under section 305 of the act for a period not to exceed 90 days and denying respondent's motion to reject recommendation.

10. On February 29, 1980 respondent filed exceptions to the order of court of February 26, 1980, and argument was held before the court en banc on April 7, 1980.

Respondent's exceptions do not challenge the validity of the finding of the mental health review officer and the order of court entered on February 26, 1980 committing respondent to Farview State Hospital for a period not to exceed 90 days in accordance with section 305 of the act. On the contrary, respondent questions the validity of the finding of the need for an extended period of involuntary treatment by asserting that respondent was involuntarily held at Farview for a period of eight days beyond the period set forth in section 304(g) of the act and without a legal court order.

The only issue before the court is whether or not the order of court of February 26, 1980 should be set aside for failure to hear the petition for extended involuntary treatment within the period of respondent's confinement at Farview as set forth in the order of court entered on November 13, 1979.

The court's position on this issue is not immediately clear inasmuch as it must weigh the need for treatment of the mentally disabled against technical rules of procedure in light of the purpose of the

act, especially where there are allegations that an individual is improperly incarcerated. An examination of the applicable subsection of section 305 of the act reveals the following: "(b) The director of the facility in which the person is receiving treatment shall notify the county administrator at least ten days prior to the expiration of a period of involuntary commitment ordered under section 304 or this section."

The facts of the instant case reveal that the director of the facility did not properly follow the procedure of section 305(b) inasmuch as the petition for extended involuntary treatment was not filed until the day after completion of respondent's 90 day commitment in accordance with section 304(g) of the act. A further examination of the record provides the court with an awareness that the treating physician appeared in support of the petition of February 12, 1980, and it was ordered by the court that respondent remain at Farview until a determination. At the hearing before the mental health review officer on February 19, 1980, it was determined after credible evidence that respondent was in need of further treatment for his mental disability which would best be served by an additional period of treatment as set forth in the order of court of February 26, 1980.

The policy of the Commonwealth of Pennsylvania is to seek to assure the availability of adequate treatment to persons who are mentally ill and it is the purpose of this act to establish procedures whereby this policy can be effected. Furthermore, the provisions of this act shall be interpreted in conformity with the principles of due process to make voluntary and involuntary treatment available where the need is great and its absence could

result in serious harm to the mentally ill persons or to others: Mental Health Procedures Act, supra, 50 P.S. §7102.

The court is of the opinion that the order of court entered February 26, 1980 committing respondent to Farview State Hospital for an additional period not to exceed 90 days was in accordance with the due process strictures of securing proper treatment for a person found in need of treatment. The instant case is civil in nature.

Although respondent was held for eight days after the termination of the period set forth in the order of court entered on November 13, 1979, the court does not agree with respondent that this period of eight days was improper inasmuch as the attending physician to respondent appeared with the petition for extended involuntary treatment, and the court determined that it was in the best interest of respondent to remain at Farview State Hospital until a determination of the matter. Furthermore, the act sets forth the procedure to challenge such detention as in the instant case at 50 P.S. §7113:

"Every person who is in treatment shall be entitled to all other rights now or hereafter provided under the laws of this Commonwealth, in addition to any rights provided for in this act. Actions requesting damages, declaratory judgment, injunction, mandamus, writs of prohibition, habeas corpus, including challenges to the legality of detention or degree or restraint, and any other remedies or relief granted by law may be maintained in order to protect and effectuate the rights granted under this act."

In the instant case, respondent could have utilized a writ of habeas corpus and other remedies

to protect his rights, but where the purpose of the act is to assure adequate treatment to persons who are mentally ill, and respondent after hearing, represented by counsel, is adjudged in need of further treatment of his mental illness, exceptions alleging that respondent was improperly incarcerated for eight days without a hearing will not invalidate an otherwise valid finding supported by credible evidence where the court was attempting to effectuate its duty under the Mental Health Procedures Act.

Therefore the following

## ORDER

And now, April 30, 1980, after argument on the exceptions by Robert Tally, filed February 29, 1980, to the hearing and order of February 26, 1980, praying for a dismissal of the petition for extended involuntary treatment and for immediate release of respondent, it is hereby ordered, adjudged and decreed that the exceptions are dismissed.